CHAMBERS OF
BETH P. GESNER
CHIEF UNITED STATES MAGISTRATE JUDGE
MDD_BPGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

October 29, 2018

Lawrence P. Demuth, Esq.
Mignini, Raab & Demuth, LLP
429 S. Main St.
Bel Air, MD 21014

Cassia Weiner Parson, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Theodore A. Melanson, Esq.
Mignini, Raab & Demuth, LLP
606 Baltimore Ave., Ste. 100
Towson, MD 21204

Subject:   Janice B. v. Commissioner, Social Security Administration, Civil No.: BPG-17-2456[1]

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 3, 7), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF No. 17), Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 20), and Plaintiff's Response to Defendant's Motion for Summary Judgment ("Reply") (ECF No. 21). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF No. 17) and Defendant's Motion (ECF No. 20) are denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

I.   **Background**

On July 23, 2014, plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on December 31, 2013. (R. at 53, 130). Her claim was initially denied on October 29, 2014 (R. at 59), and on reconsideration on March 19, 2015 (R. at 69). After a hearing held on June 14, 2016, an Administrative Law Judge ("ALJ") issued a decision on August 3, 2016, denying benefits based on a determination that plaintiff was not disabled. (R. at 22–29). The Appeals Council denied plaintiff's request for review on July 21, 2017, making the ALJ's opinion the final and reviewable decision of the Commissioner. (R. at 1–4). Plaintiff challenges the Commissioner's decision on the following grounds that: (1) the ALJ failed to consider plaintiff's obesity as a medically determinable,

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

severe impairment pursuant to Social Security Ruling ("SSR") 02-1p, (2) the ALJ's Step Three determination is unsupported by substantial evidence, and (3) the ALJ's adverse credibility determination is unsupported by substantial evidence.

## II.     Discussion

Plaintiff first contends that the ALJ "failed to consider Plaintiff's obesity as a medically determinable, severe impairment pursuant to SSR 02-1p, which infected each step in the sequential evaluation process, rendering the decision unsupported by substantial evidence." (ECF No. 17-1 at 9.) According to SSR 02-1p, "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002). Accordingly, SSR 02-1p instructs the ALJ to "consider the effects of obesity . . . when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." Id.

Plaintiff was diagnosed with obesity by Dr. Kheder Ashker on November 18, 2014. (R. at 518–20). Accordingly, the ALJ was required to consider obesity in determining whether plaintiff had: (1) a medically determinable impairment; (2) a severe impairment; (3) an impairment that meets or equals the requirements of a listed impairment in the listings; and (4) an impairment that prevents her from doing past relevant work and other work that exists in significant numbers in the national economy. SSR 02-1p, 2002 WL 34686281, at *3. Here, however, the ALJ makes no mention of plaintiff's obesity in his opinion. Thus, the court has no basis upon which to determine whether the ALJ properly considered plaintiff's obesity. See Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling [including] specific application of the pertinent legal requirements to the record evidence.") Accordingly, the court concludes that the ALJ's evaluation of plaintiff's obesity is not supported by substantial evidence and thus, remand is appropriate on this issue.

Plaintiff next argues that the ALJ's Step Three determination is unsupported by substantial evidence due to the ALJ's failure to evaluate plaintiff's musculoskeletal impairments under Listing 1.04.[2] (ECF No. 17-2 at 12). Step Three requires the ALJ to determine whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments describes "for each of the major body systems impairments that [the agency considers] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. §§ 404.1525(a), 416.925(a). In Fox v. Colvin, 652 F. App'x 750 (4th Cir. 2015) (per curiam), the Fourth Circuit held that the ALJ's medical Listing analysis was deficient because it consisted of conclusory statements that lacked "any 'specific application of the pertinent legal requirements to the record evidence.'" 652 F. App'x at 754 (quoting Radford v. Colvin, 734

---

[2] Plaintiff also argues that the ALJ failed to consider the combined effects of plaintiff's obesity with her severe musculoskeletal impairments. (ECF No. 17-2 at 12). As discussed above, on remand, the ALJ must consider plaintiff's obesity when determining whether plaintiff has an impairment that meets or equals the requirements of a listed impairment.

F.3d 288, 291–92 (4th Cir. 2013)). Thus, Fox requires that the ALJ provide express analysis, with factual support, to conclude that a medical Listing has not been met at Step Three.

Here, the ALJ "considered the claimant's physical impairments under Section 1.01, *et seq.* (musculoskeletal), specifically listing 1.02 (major dysfunction of a joint(s) (due to any cause))" and found that "the evidence fails to establish an impairment or combination of impairments that is accompanied by the signs reflective of listing level severity." (R. at 25). The ALJ did not, however, specifically discuss Listing 1.04, which is defined as: "Disorders of the spine . . . resulting in compromise of a nerve root . . . or the spinal cord. With A. Evidence of nerve root compression . . . OR B. Spinal arachnoiditis . . . OR C. Lumbar spinal stenosis." 20 C.F.R. Pt. 404, Subpt. P, App.1, § 1.04. In September of 2014, plaintiff was diagnosed with spinal stenosis. (R. at 512). There is also evidence in the record that plaintiff had a compression fracture and scoliosis. (R. at 430, 512–13). Accordingly, the ALJ should have "evaluated whether [plaintiff's] impairments meet, or constitute the medical equivalent of, the criteria of Listing 1.04." Weems v. Comm'r, Soc. Sec. Admin., No. SAG-12-2993, 2013 WL 4784124 at *2 (D. Md. Sept. 15, 2013) (holding that the ALJ erred by failing to consider plaintiff's impairments under Listing 1.04 when plaintiff presented with many of the criteria in Listing 1.04A).

Here, the ALJ's Step Three analysis clearly does not comport with the Fourth Circuit's mandate in Fox. Despite evidence of plaintiff's spinal disorders, the ALJ did not identify any of the requirements of Listing 1.04, did not apply any findings or medical evidence to the identified Listing. Defendant argues that the ALJ considered all of the listings, including Listing 1.04A, pointing to the ALJ's statement that "the evidence fails to establish an impairment or combination of impairments that is accompanied by the signs reflective of listing level severity." (ECF No. 20-1 at 9). This type of conclusory analysis, however, was found unacceptable in both Fox and Radford. See Fox, 632 F. App'x at 755; Radford, 734 F.3d at 295. Given the ALJ's cursory conclusion, this court is unable to perform a meaningful review of the ALJ's analysis. In order to find the ALJ's conclusion to be supported by substantial evidence, this court would have to engage in the same "fact-finding expedition" that the Fourth Circuit found inappropriate in Fox.

The Commissioner here makes the same argument that was rejected in Fox, that is, because substantial evidence exists to support the ALJ's finding, any error committed by the ALJ was harmless. (ECF No. 20-1 at 12). As the Fourth Circuit made clear in Fox, it is not the reviewing court's role "to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." Fox, 632 F. App'x at 755. In this case, the ALJ failed to explain why he did not evaluate plaintiff's spinal disorder under Listing 1.04 or why he found that plaintiff did not meet that Listing's requirements. This court cannot conduct a meaningful review "when there is nothing on which to base a review." Fox, 652 F. App'x at 755. Accordingly, remand is necessary for the ALJ to consider, analyze, and articulate whether the medical evidence supports a conclusion that plaintiff's impairments met or medically equaled any of the listed impairments in 20 C.F.R Pt. 404, Subpt. P, App. 1.

Finally, plaintiff argues that the ALJ's adverse credibility determination is unsupported by substantial evidence. (ECF No. 17-2 at 18). The Social Security regulations provide a two-step framework for considering subjective complaints. First, the ALJ determines whether "medical signs or laboratory findings show that a medically determinable impairment(s) is present." 20 C.F.R. §§ 404.1529(b), 416.929(b). Second, the ALJ evaluates the intensity and persistence of the claimant's symptoms by considering the evidence of record in its entirety. Id. §§ 404.1529(c), 416.929(c). At this second step, the ALJ considers the objective medical evidence, as well as other evidence including the claimant's daily activities, the frequency and intensity of pain and other symptoms, precipitating and aggravating factors, the effectiveness of medication and other treatment methods, and other factors regarding functional limitations or restrictions due to pain or other symptoms. Id. Further, the ALJ should also consider inconsistencies in the available evidence to ascertain whether a claimant's subjective claims of pain and its related symptoms can reasonably be accepted. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). "An ALJ, however, cannot rely exclusively on objective evidence to undermine a claimant's subjective assertions of disabling pain." Hinton v. Berryhill, No. SAG-16-4043, 2017 WL 4404441, at *3 (D. Md. Oct. 4, 2017) (citing Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017) (holding that the ALJ improperly discounted the claimant's subjective complaints "based solely on the lack of objective evidence" supporting the claimant's assertions)).

At the first step, the ALJ here found that plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms. (R. at 27). At the second step, the ALJ then, however, determined that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." Id. The ALJ primarily cited to objective evidence to discount plaintiff's subjective complaints, noting that the records showed routine and conservative treatment, and that the records as a whole showed normal coordination. (R. at 27). With respect to non-objective evidence, the ALJ merely found that "evidence of record showing the claimant's ability to perform a broad range of normal daily activities . . . suggest that symptoms of the claimant's impairments are not as limiting as alleged in connection with this application and appeal." Id. The ALJ did not, however, "acknowledge the extent of those activities as described by [plaintiff]" or explain how these activities "showed that [plaintiff] could persist through an eight-hour workday." Brown v. Comm'r, Soc. Sec. Admin., 873 F.3d 251, 263, 269–70 (4th Cir. 2017) (finding that "the ALJ did not 'build an accurate and logical bridge from the evidence to his conclusion' that [plaintiff's] testimony was not credible" when plaintiff merely testified to "'minimal daily activities' that neither established that she was 'capable of engaging in substantial physical activity' nor 'contradicted her claim of disabling pain'" (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)). Here, while plaintiff testified that she lived alone, shopped, prepared meals, listened to music, and birdwatched, but also testified that she was only able to perform such activities with accommodations, such as sitting in a stool while cooking and laying down on the buggy while shopping. (ECF No. 21 at 9, R. at 45–46). Accordingly, remand is appropriate for the ALJ to properly evaluate plaintiff's subjective complaints.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion (ECF No. 17) and Defendant's Motion (ECF No. 18) are DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further consideration in accordance with this opinion.

Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.
.

Very truly yours,

/s/

Beth P. Gesner
Chief United States Magistrate Judge